Kenneth Morgan Addison
62770-509  Cardinal Unit
Federal Medical Center Lexington
P.O. Box 14500
Lexington, KY 40512-4500
DEFENDANT

FILED
09/12/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>v.<br><br>KENNETH MORGAN ADDISON,<br>　　　　　Defendant. | Case No. 1:22-cr-142-JRS-KMB<br><br>MOTION TO ENFORCE PLEA AGREEMENT<br>AND OPPOSITION TO Dkt. 32 |

　　Defendant, Kenneth Addison, requests this Court to enforce the plea agreement (Dkt. 7) and opposes the Government's motion at Docket entry 32 because:

(1) both parties agreed Addison would not forfeit the house associated with 15 South Creedmoor Way;

(2) Addison agreed to an <u>immediate</u> preliminary order of forfeiture, not a belated one;

(3) belated forfeiture orders are invalid;

(4) this Court did not make the nexus findings required by Fed. R. Crim. P. 32.2(b)(1)(A); and

(5) judicial estoppel bars the Government's motion.

　　This Court should enforce the Plea Agreement by preventing the Government from forfeiting the parcel of real property associated with 15 South Creedmoor Way, Anderson, Indiana.  This Court should also deny the Government's Motion for a Preliminary Order of Forfeiture.

I.  Facts.

**15 North and 15 South Creedmoor Way**

15 North Creedmoor Way is a piece of real estate in Anderson, Indiana. Dkt. 7 at 10, Par. 23(A). Although not stated in either the Information or Plea Agreement, this property is split into three parcels. See Dkt. 32 at 2. One parcel of this property, for whatever reason, has a physical address of 15 South Creedmoor Way. Dkt. 30 at 7. A large residence is located on this parcel. See Dkt. 7 at 11, Par. (B). The parcel number associated with the residence is 48-11-09-200.095.000-003. Addison is, as of this writing, listed as the owner of these three parcels.

The lot with the residence is valued at almost $800,000.00. See Exh. 1 (printout from Madison County Treasurer's website). The vacant lots are worth about $30,000.00 combined. Id. This valuation data appears nowhere else in the record.

Despite the fact that Addison owns 15 North Creedmoor Way, he reasonably believed that his residence was actually 15 South Creedmoor Way. The quitclaim and warranty deeds had that address. He received mail at and paid taxes and utility bills on that address.

Even the Government recognized distinctions between 15 North and South Creedmoor Way in the Plea Agreement. Lisa Ann Raines bought 15 North Creedmoor Way. Dkt. 7 at 10, Par. 23(A). But the very next paragraph of the Plea Agreement says she lived at 15 South Creedmoor Way. Id. at 10, Par. 23(B). Several paragraphs later, Addison "agreed to 'buy' 15 S. Creedmoor Way," but it doesn't say he bought 15 North Creedmoor Way as well. Id. at 11, Par. 23(E). And the Government notes that "Addison's residence at 15 S. Creedmoor Way" was raided twice by the feds. Id. at 14, Par. 23(P) and (Q). No raids of 15 North Creedmoor

are mentioned.

In sum, the parties appear to have believed 15 South Creedmoor was where the house was at. But no one knew then that 15 South Creedmoor didn't actually exist on the assessor's map.

### The Information

On September 14, 2022, an Information was filed against Addison charging single counts of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a). Dkt. 1. The Information contained a forfeiture allegation which included "Real property, 15 <u>North</u> Creedmoor Way, Anderson, Indiana." <u>Id</u>. at 3 (emphasis added).

### The Plea Agreement

On September 30, Addison entered a plea agreement that provided, in relevant part:

- he agreed to "<u>immediate</u> entry of a Preliminary Order of Forfeiture" forfeiting only the property listed in the Plea Agreement, Dkt. 7 at 7, Par. 16 (emphasis added);

- he would forfeit 15 North Creedmoor Way, Anderson, Indiana, <u>id</u>.; and

- he agreed that "the Plea Agreement ... cannot be modified axcept <u>in writing</u>, signed by all parties and filed with the Court ..." <u>id</u>. at 24, Par. 36 (emphasis added).

While Addison waived several rights under Fed. R. Crim. P. 32.2, <u>id</u>. at 8, Par. 19; he did not waive all of his rights. The rights he did not waive include the following:

- the right to a preliminary order of forfeiture "sufficiently in

advance of sentencing," Fed. R. Crim. P. 32.2(b)(2)(B);

- the right to a property-crime-nexus determination, Fed. R. Crim. P. 32.2(b)(1)(A); and
- the right to have a preliminary order of forfeiture finalized at Sentencing, Fed. R. Crim. P. 32(b)(4)(A).

Nor did Addison waive his right to enforce the Plea Agreement.

### Sentencing

Despite agreeing to an immediate preliminary order of forfeiture in the Plea Agreement, Dkt. 7 at 7, neither party submitted filings regarding the preliminary order of forfeiture. At or before sentencing, this Court did not make the property-crime-nexus determination regarding 15 North Creedmoor Way and the 21 U.S.C. § 841(a) charge. See Fed. R. Crim. P. 32.2(b)(1)(A). On April 10, 2023, this Court entered a judgment forfeiting, among other things, "Real property, listed at the assessor's office as 15 N. Creedmor Way in Anderson, Indiana, with a physical address of 15 S. Creedmor Way in Anderson." Dkt. 30 at 7.

This was the first time in the case that 15 North and South Creedmoor Way were described as being the same property according to the assessor's office.

### Post-Sentencing Motions

On April 20, 2023, the Government filed its first Motion for a Preliminary Order of Forfeiture. See U.S. v. Addison, No. 1:21-cr-242-JRS-KMB (S.D. Ind.) ECF No. 82. It sought forfeiture of 15 North Creedmoor Way. Id. at 2, Par. 4. It did not mention 15 South Creedmoor Way. This Court granted the motion the next day. See U.S. v. Addison, No. 1:21-cr-242-JRS-KMB (S.D. Ind.) ECF No. 83. No amendment of the

judgment was made.

On July 25, 2023, the Government again sought an order to preliminarily forfeit 15 North Creedmoor Way. Dkt. 30 at 2. But this time the Government added three parcel numbers. One parcel was associated with South Creedmoor Way. Id. The parcel numbers appear nowhere else in this case.

II.   Argument.

A.   This Court has jurisdiction to entertain this Motion.

In Santobello v. New York, 404 U.S. 257 (1971), the High Court "implicitly recognized that the court that accepts a guilty plea has jurisdiction to enforce a plea agreement if the government is in breach." U.S. v. Al-Arian, 514 F.3d 1184, 1190 (11th Cir. 2008); See U.S. v. Collins, 503 F.3d 616, 618 (7th Cir. 2007)("[A] court always has jurisdiction to enforce a [party's] obligations under a plea agreement ...") (my alteration); U.S. v. Harvey, 301 F.2d 294, 297-98 n.2 (4th Cir. 1986).

District courts also have inherent ancillary jurisdiction to enforce settlements and judgments. See, e.g., In re VMS Sec. Litig, 103 F.3d 1317, 1322 (7th Cir. 1998)(settlements); Fafel v. Di Paola, 399 F.3d 403, 415 (1st Cir. 2005)(Rule 68 judgments). Accordingly, they also have ancillary jurisdiction to enforce the criminal equivalent of civil settlements — plea agreements.

Thus, this Court has jurisdiction to entertain this Motion.

B.   The Government breached its agreement to immediately seek a preliminary order of forfeiture.

"A plea agreement is contractual in nature and generally governed by ordinary contract principles. A plea agreement is more than merely a

contract between two parties, however, and must be attended by constitutional safeguards to ensure a defendant receives the performance he is due." U.S. v. Britt, 917 F.2d 353, 359 (8th Cir. 1990). "Allowing the government to breach a promise that induced a guilty plea violates due process." Margalli-Olvera v. INS, 43 F.3d 345, 351 (8th Cir. 1994). In federal cases, the courts' concerns extend beyond securing the defendant's rights to broader concerns of justice in our system. Harvey, 791 F.2d at 300.

The Government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled. See Santobello, 404 U.S. at 262. Because of "constitutional and supervisory concerns," the Government is held to a "greater degree of responsibility than the defendant ... for imprecisions and ambiguities in plea agreements." Harvey, 791 F.2d at 300; U.S. v. De La Fuente, 8 F.3d 1333, 1338 (9th Cir. 1993)("[T]he government 'ordinarily must bear responsibility for any lack of clarity'" in the plea agreement)(quoting U.S. v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992).

The Seventh Circuit holds the Government to "the literal terms" of its agreements, as well as the "most meticulous standards of both promises and performance" to insure the integrity of the bargaining process. U.S. v. Schilling, 142 F.3d 388, 395 (7th Cir. 1998). This means that "[a] plea induced by an unfulfillable promise is no less subject to challenge than one induced by a valid promise which the Government simply fails to fulfill." U.S. v. Cook, 668 F.2d 317, 320 (7th Cir. 1982); See Anderson, 970 F.2d at 607 ("Nor does the government's present inability to fulfill its promise mean that it did not breach the plea agreement."). "The strict fulfillment of prosecutorial promises emanates as a

requirement from the significant consequences of a guilty plea ..." U.S. v. Afaya, 864 F.2d 1324, 1330 (7th Cir. 1988).

Here, the Government induced Addison to take a deal by, among other things, offering to <u>immediately</u> enter a preliminary order of forfeiture of the property listed in the Plea Agreement. Dkt. 7 at 7, Par. 16. Addison accepted the offer. Yet the Government waited until after sentencing to seek a preliminary order of forfeiture. Dkt. 32; <u>U.S. v. Addison</u>, No. 1:21-cr-242-JRS-KMB (S.D. Ind. Apr. 20, 2023) ECF No. 82 (First Mot. for Prelim. Order of Forf.). Thus, the Government breached the agreement.

Addison was prejudiced by the belated motion for preliminary order of forfeiture. Addison did not agree to forfeit 15 South Creedmoor Way or parcels associated with that address. Rather, he agreed to forfeit 15 North Creedmoor Way. Dkt. 7 at 7, Par. 16. Had the preliminary order of forfeiture been entered "sufficiently in advance of sentencing" in accordance with Fed. R. Crim. P. 32.2(b)(2)(A), the parties could have conformed the order to reflect what was accepted in the Plea Agreement. See <u>U.S. v. Maddux</u>, 37 F.4th 1170, 2022 U.S. App. LEXIS 17154, *16 (6th Cir. 2022)("Rule 32.2 ... arms defendants with procedures to correct preliminary forfeiture orders before sentencing.").

Generally, "there are two potential remedies for the government's breach of a plea agreement: remand for specific performance [or] withdrawal of the guilty plea." <u>Margalli-Olvera</u>, 43 F.3d at 354-55. "Specific performance is the preferred remedy." <u>Id</u>. This is especially so when a defendant "has already served a considerable portion of a custodial sentence[.]" <u>U.S. v. Badaracco</u>, 954 F.2d 928, 941 (3d Cir. 1991). Federal courts may also remedy breaches of contract by entering an injunction preventing further breach. See <u>ECity Mkt., Inc. v. Vaughn</u>

Scott Burch & Graywood Consulting Grp., Inc., 2015 U.S. Dist. LEXIS 181602, *11 (S.D. Ind. Dec. 29, 2015).

Here, since Addison has nearly served his entire sentence, specific performance is the proper remedy. Thus, this court should: deny the Government's current Motion (Dkt. 30) and rescind the prior preliminary order of forfeiture insofar as it seeks forfeiture of the parcel associated with 15 S. Creedmoor Way. This Court may also enjoin the Government from forfeiting the parcel of land associated with the residence at 15 S. Creedmoor Way.

C.  **The Government breached the Plea Agreement by seeking a preliminary order of forfeiture for a parcel associated with the house believed to be on 15 South Creedmoor.**

Again, Addison agreed — in accord with the forfeiture allegation in the Information (Dkt. 1) — to forfeit 15 North Creedmoor Way. Dkt. 7 at 7, Par. 16. The parties did not change that term of the Agreement in writing at any time. See id. at 24, Par. 36 (Plea Agreement "cannot be modified except in writing ..."). Thus, the Government breached the Agreement by seeking forfeiture of the parcel of land associated with the residence at 15 South Creedmoor Way. Dkt. 32 (seeking parcels associated with 15 S. Creedmoor Way).

It was reasonable for Addison to believe the Government meant to say "North" in the forfeiture part of the Plea Agreement because that was the description provided in the Information. Dkt. 1 at 3; See Schilling, 142 F.3d at 396 (considering allegations in indictment in assessing defendant's reasonable reliance on plea agreement). Further, this Court must assess the Plea Agreement by it "literal terms." U.S. v. Farmer, 543 F.3d 363, 374 (7th Cir. 2008). To paraphrase Kipling, "[North] is [North], and

[South] is [South], and never twain shall meet." Rudyard Kipling, "The Ballad of East and West," <u>The Oxford Dictionary of Quotations</u>, 294 (2d ed. rev. 1966).

And it was reasonable for Addison to believe that 15 North and 15 South Creedmoor Way were not the same place. Starting with when he bought the property, the deeds said 15 South Creedmoor Way. His taxes and utility bills were paid on that address. That's where he got his mail. Just because he did not know that the county assessor's map said something different did not mean his belief was unreasonable.

The Government was under the same impression. Though the Plea Agreement said Ms. Raines bought, among other things, 15 North Creedmoor Way, Dkt. 7 at 10, Par. 23(A); it said she lived at South Creedmoor Way. <u>Id.</u> at Par. 23(B). The Agreement never says Addison bought 15 North Creedmoor Way, but does say he bought the 15 South Creedmoor house. <u>Id.</u> at Par. 23(E). The Agreement refers to 15 South Creedmoor Way as the location of the house no less than 5 times. <u>Id.</u> at Par. 23(B), (D), (E), (P), and (Q). The distinctions here "must be harmonized" so that they are not "rendered meaningless." <u>Ataya</u>, 864 F.2d at 1335. As well, the more specific description of 15 S. Creedmoor having a residence prevails over the Plea Agreement's failure to state a residence existed at 15 N. Creedmoor. <u>See</u> Restatement (Second) of Contracts § 203(c) (1981) (Specific terms ... are given greater weight than general language ..."); Thompson on Real Property § 90.02(d)(1) (3d. ed.).

Given the mutual consensus between the parties that the property was (1) located at 15 South Creedmoor and (2) was not the same as the 15 North Creedmoor property, it would be in keeping with contractual principles to uphold this understanding. To the extent there was any ambiguity in the

contract as to why the Government would want to forfeit 15 North Creedmoor Way without the residence at (what the parties then believed was) 15 South Creedmoor Way, that is an ambiguity that must be construed against the Government. Harvey, 791 F.3d at 300; De La Fuente, 8 F.3d at 1338.

The late inclusion of parcel numbers in the Government's Motion, Dkt. 32 at 2, cannot be considered in resolving any ambiguity since they do not appear in the record when the plea agreement was accepted. See Schilling, 142 F.3d at 395 (breaches must be assessed "in light of the parties' reasonable expectations upon entering the agreement."). It is incumbent upon the party who drafts instruments that convey real property to include plat or lot numbers in the document. See In re Brandt, 421 B.R. 426, 429 (W.D. Mich. 2009)(conveyances of land must include plat number); Martin v. Seigel, 212 P.2d 107, 110 (Wash. 1949)(same).

It was also reasonable for both parties not to expect the $800,000 lot containing the residence would be forfeited completely in light of the $250,000 maximum fine and relatively small amount of marijuana. We cannot presume the parties condoned Addison being excessively fined in violation of the Eighth Amendment as such a provision would be nullified. See Am. Postal Workers Union v. U.S. Postal Service, 682 F.2d 1280, 1286 (9th Cir. 1982)("[C]ourts will not enforce contracts requiring the performance of an illegal act."). Thus, to the extent there is any ambiguity concerning the use of "15 North" and "15 South" in the Agreement, this Court must construe the Agreement to avoid the Eighth Amendment violation and hold the plot with the residence was not subject to forfeiture. See Walsh v. Schlecht,

429 U.S. 401, 408 (1977); 3 A. Corbin, Corbin on Contracts § 546, at 170 (1960).

To be sure, the potential forfeiture of Addison's $800,000 residence is comparable to forfeitures found unconstitutional under the Eighth Amendment. See, e.g., U.S. v. Bajakajian, 524 U.S. 321, 344 (1998) (forfeiture of $357,144 was excessive in light of $250,000 maximum fine); U.S. v. 18755 N. Bay Rd., 13 F.3d 1493, 1498-99 & n.6 (11th Cir. 1994) (forfeiture of 11 acres with cabin was excessive despite seizure of 25 kilos of marijuana); U.S. v. 892 County Road 505, 2006 U.S. Dist. LEXIS 15617 (M.D. Ala. 2006)(forfeiture of $102,000 home excessive where only 110 grams of marijuana found).

Further, it doesn't matter that the Government could not forfeit the two vacant parcels on 15 North Creedmoor Way as part of its bargain since that property had no relation to the case. "A plea induced by an unfulfillable promise is no less subject to challenge than one induced by a valid promise which the Government simply fails to fulfill." Cook, 668 F.2d at 320. Here, the Government's promise to not forfeit 15 South Creedmoor Way, must be kept.

This may be a bad bargain for the Government. But "the Government [was] not free to breach its agreement with [Addison] because it decides after the fact that it made a bad bargain." Badaracco, 956 F.2d at 941; See U.S. v. Morabini, 2006 U.S. Dist. LEXIS 101131, *14 (S.D. Fla. Dec. 27, 2006)("The Government drafted the plea agreement and struck a bad bargain ... Its attempt to use the threat of contempt to cure the defect of a bad bargain falls on deaf ears.").

To the extent this Court may have questioned Addison at sentencing

about 15 South Creedmoor Way, this Court could not participate in the plea bargaining. See, e.g., U.S. v. Gallington, 488 F.2d 637, 640 (8th Cir. 1973). This Court's role is "limited to acceptance or rejection of agreements after a thorough review of all relevant factors." Id. This Court could have rejected the Plea Agreement due to a lack of nexus between 15 North Creedmoor Way and the crimes at issue. But it did not. Thus, when this Court accepted the plea agreement, it bound this Court just as it did the parties. U.S. v. Sanford, 806 F.3d 954, 960 (7th Cir. 2015).

Therefore, this Court should either enter an injunction or order specific performance to remedy the breach and declare that the Government shall not obtain title to the parcel of land associated with the residence given the fact the parties did not agree in the Plea Agreement that this property should be forfeited.

D. **This Court cannot grant a motion for a preliminary order of forfeiture months after Addison was sentenced.**

Aside from the fact that the parties agreed to an immediate preliminary order of forfeiture, Dkt. 7 at 7, Par. 16; the timing of the Government's latest order for forfeiture poses an additional problem. This Court cannot grant such a motion at this late date.

"A forfeiture order ... is 'part of the [defendant's] sentence in the criminal case.'" U.S. v. Maddux, 37 F.4th 1170, 2022 U.S. App. LEXIS 17154, *8 (6th Cir. 2022)(quoting 28 U.S.C. § 2461(c)). Once a sentence is imposed it may not be changed or modified except when a statute allows. U.S. v. Hammond, 712 F.3d 333, 335 (6th Cir. 2013). To ensure defendants receive due process during criminal forfeiture, Fed. R. Crim. P. 32.2 "arms defendants with procedures to correct preliminary

forfeiture orders before sentencing." Maddux, at *16. "Rule 32.2(b) aims to culminate forfeiture at sentencing; it follows that once sentencing occurs, defendants can be sure no more forfeiture awaits them — just like they can be sure no other new punishment does." Id. (citing Fed. R. Crim. P. 32.2(b)(4)(A) and Greenlaw v. U.S., 554 U.S. 237, 252-53 (2008)).

At the outset, Addison's right to due process was violated when the Government and this Court failed to ensure a preliminary order of forfeiture was available to Addison in advance of sentencing. See Fed. R. Crim. P. 32.2(b)(2)(B) ("[T]he court must enter the preliminary order sufficiently in advance of sentencing ..."). Addison's due process was violated again by this Court's imposition of forfeiture despite the lack of a preliminary order to finalize at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A) ("At sentencing ... the preliminary forfeiture order becomes final ..."); Maddux, at *16; *20 ("Once a criminal sentence is imposed, the judgment is final, both as to what it includes and what it lacks ...").

Now the Government seeks to forfeit a parcel of land associated with what the parties thought was 15 S. Creedmoor Way months after sentencing. Dkt. 30. This violates Rule 32.2(b) and the holdings of U.S. v. Maddux and U.S. v. Shakur, 691 F.3d 979 (8th Cir. 2012)(court lacks jurisdiction to grant an order of preliminary forfeiture after sentencing). And since more than 14 days have passed since sentencing, this is not the type of error that can be fixed by Rule 35(a). Maddux, at *22. Nor is this the type of clerical error remedied by Rule 36 since failure to timely enter a preliminary order is an error "made by the court itself." Maddux, at *21 (quoting U.S. v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004)).

Because this Court cannot enter preliminary forfeiture orders after sentencing, and the parties both agreed to enter such an order prior to

sentencing, this Court should deny the Government's latest Motion. This Court should also declare that Addison retains property interests to the parcel with the residence on Creedmoor Way to honor the terms of the Plea Agreement.

E. **This Court did not make nexus findings regarding the parcels of land the Government belatedly seeks to forfeit and is otherwise estopped from forfeiting the residence.**

1. **The lack of nexus findings regarding the parcels.**

Addison agreed to immediate entry of a preliminary order of forfeiture. Dkt. 7 at 7, Par. 16. This did not relieve this Court of its duty to "determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). This must occur immediately before the entry of a preliminary order at forfeiture. See Fed. R. Crim. P. 32.2(b)(2)(A). And, as explained above, that order must be before sentencing. See Fed. R. Crim. P. 32.2(b)(2)(B) and (b)(4)(A). It necessarily follows that the nexus determination regarding the parcels at issue, Dkt. 32 at 2, should have occurred before sentencing.

This did not happen. First, assuming arguendo a nexus determination occurred, this Court could not have made it regarding the parcel numbers as they do not appear anywhere else in the record. Second, there is nothing in the record explicitly saying this determination occurred. Third, the closest the record does come to showing this determination occurred was in this Court's April 6, 2023, order which said: "Evidence of a factual basis for the plea was heard and accepted o[n] record." U.S. v. Addison, No. 1:21-cr-242-JRS-KMB (S.D. Ind.) ECF No. 78.

But if this Court did indeed agree with the nexus stipulation then it did not find that 15 South Creedmoor Way — the parcel with the residence — had a nexus to the § 841(a) charge. See Dkt. 7 at 7, Par. 16. This is so because at the time Addison accepted the Agreement, both parties believed the residence was at 15 South Creedmoor, yet stipulated to a nexus between the crime and 15 North Creedmoor. Thus, by accepting that stipulation, the Court implicitly agreed that the forfeiture of the 15 North Creedmoor property did not encompass the house located at the 15 South physical address.

Regardless, Addison bargained for such a determination to occur months ago by bargaining for an immediate entry of a preliminary order of forfeiture. Since the Government never exercised its right to this order and has otherwise breached the contract in that respect, this Court would violate Rule 32.2 to make such belated findings regarding the parcels now. This Court cannot violate the law to attempt to cure a breached contract. Thus, this Court should deny the Government's Motion at Docket 32 and enjoin the Government from seeking forfeiture of the parcel of land with the residence which the parties formerly believed was 15 South Creedmoor Way.

2.   **Judicial estoppel bars the Government's Motion.**

"Judicial estoppel prevents a party that has taken one position in litigating a particular set of facts" and prevailed under that position "from later revising its position when it is to its advantage to do so." Levinson v. U.S., 969 F.2d 260, 264 (7th Cir. 1992). In other words, "[t]he principle is that if you prevail in suit No. 1 by representing that A is true, you are stuck with A in all later litigation growing out of the same events." Astor Chauffered Limousine Co. v. Runnfeldt

Investment Corp., 910 F.2d 1540, 1547 (7th Cir. 1990). Judicial estoppel is meant "to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories." Levinson, 969 F.2d at 264.

Here, the Government agreed Addison's residence was at 15 South Creedmoor Way and that he would forfeit 15 North Creedmoor Way. See Dkt. 7 at 11, Par. 23(E)("Addison agreed to 'buy' 15 S. Creedmoor Way ..."); id. at 7, Par. 16 (agreeing to forfeit 15 N. Creedmoor Way). The Government secured a conviction and, thus, prevailed. Now the Government claims that Addison's house was actually on a parcel of land associated with 15 North Creedmoor Way. The Government cannot have it both ways.

True, "guilty pleas do not necessarily establish absolute facts; what is stated in a plea agreement is an agreed-upon version of the facts[.]" Thore v. Howe, 466 F.3d 173, 183 (1st Cir. 2006). And while both parties failed to realize that 15 South Creedmoor Way was actually a parcel of land in 15 North Creedmoor Way, both parties agreed that Addison would not forfeit the house on the 15 South location. This slightly skewed factual agreement between the parties was not binding on the Court. See U.S. v. Nicoll, 2015 U.S. Dist. LEXIS 192708, *10 (D.N.J. Apr. 29, 2015). This is so because "[a] defendant who seeks a favorable plea deal from the Government may be motivated to endorse forfeiture even if no nexus exists." Id.; See Libretti v. U.S., 516 U.S. 29, 43 (1995).

Yet this Court did not reject the stipulation that the house was at 15 South Creedmoor. It cannot allow the Government to change tack and say that there is no such thing as 15 South Creedmoor Way and the house is actually on a parcel at 15 North Creedmoor Way. Therefore, this Court invoke judicial estoppel to hold the Government to the terms struck in

U.S. v. Addison
Mot. to Enforce Plea Agreement                                              16

the contract. The Government's Motion at Docket 32 should be denied.

## Conclusion

This Court should deny the Government's Motion for an Order of Preliminary Forfeiture (Dkt. 32). Addison requests other appropriate relief to ensure the Plea Agreement is enforced insofar as it reflects the parties' agreement that 15 South Creedmoor Way — which we now know is the parcel with the house on North Creedmoor Way — is not forfeited.

Respectfully submitted this 7th day of September, 2023.

*Kenneth M. Addison*
Kenneth Addison
Defendant

## Certificate of Service

I certify I caused to be mailed a copy of the Motion to Enforce the Plea Agreement and its exhibits on the following:

> Bradley P. Shepard
> Office of the U.S. Attorney
> 10 W. Market St., Suite 2100
> Indianapolis, IN 46204-3048

Date: September 7, 2023.

*Kenneth W. Addison* (signature)

Kenneth Morgan Addison