Kenneth Morgan Addison
62770-509 Cardinal Unit
Federal Medical Center Lexington
P.O. Box 14500
Lexington, KY 40512-4500
Defendant

FILED
09/12/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> v. ) <br> KENNETH MORGAN ADDISON, ) <br> Defendant. ) | No. 1:22-cr-142-JRS-KMB <br><br> MOTION FOR RETURN OF SEIZED PROPERTY(Fed.R.Crim.P.41(g)) |

     Defendant, Kenneth Addison, requests that this Court order the United States ("Government") to return all property seized in the search of his residence at 15 S. Creedmoor Way on March 5, 2020, and August 27, 2022 (Dkt. 7 at 14) that is not otherwise subject to forfeiture under the Plea Agreement (Id. at 7-8). This property includes, but is not limited to the following:

- three iPhones and
- one Apple Macbook Pro laptop (matte silver in color)

     Additionally, Addison requests this Court to order the Government to destroy all copies of electronically stored information of the above-described property as well as any copies of emails, documents, and social media accounts belonging to Addison obtained during the course of this case. The Court should grant this Motion as the Government no longer has a continuing interest in these things given Addison's conviction.

I.    FACTS.

The Searches and Seizures.

     On March 5, 2020, and August 27, 2022, the Government executed search warrants at Addison's residence at 15 S. Creedmoor Way, Anderson, IN. Dkt. 7 at 14, Par. 23(P)&(Q) (plea agreement). During the latter search, the Government seized three Apple iPhones and one Apple Macbook Pro laptop from his residence. Addison Decl. at Par. 1. Addison believes the Government may have seized other property that was not subject to forfeiture in this case during these searches. Id. at Par. 2; see Dkt. 7 at 7-8 (listing forfeited property).

The Criminal Case.
-----------

On September 30, 2022, and Information was filed against Addison charging him with Felon In Possession of a Firearm (18 U.S.C. 922(g)) and Possession With Intent to Distribute Marijuana (21 U.S.C. 841(a)). Dkt. 1 (Information). On September 30, 2022, Addison entered a Plea Agreement. Dkt. 7. On April, 6, 2023, Addison was sentenced. Dkt. 30 (Judgment). No direct criminal appeal was made.

II.    ARGUMENT.

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property may move for the property's return. The motion must be filed in the district court where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A.    Jurisdiction and Venue.

Since Addison's property was seized in Anderson, IN, venue lies in this District. This Court has ancillary jurisdiction over post-conviction Rule 41(g) motions. See, e.g., U.S. v. Norwood, 602 F.3d 830, 832 (7th Cir. 2010). Post-conviction Rule 41(g) motions are treated as civil equitable complaints and decided under the Federal Rules of Civil Procedure. See, e.g., U.S. v. Shaaban, 602 F.3d 877, 879(7th Cir. 2010); U.S. v. Ritchie, 342 F.3d 903, 906 (9th Cir. 2003). Because Addison has been convicted and sentenced, "criminal proceedings are over for purposes of Rule 41(g)" and this Motion must be treated as a civil complaint. U.S. v. Basey, 837 Fed. Appx. 603 (9th Cir. 2021).

"[T]he six-year statute of limitations set forth at 28 U.S.C 2401(a) applies to the bringing of Rule 41(g) motions." U.S. v. Rodriguez-Aguirre, 264 F.3d 1195, 1200(10th Cir. 2001). Since this motion is brought within six years of Addison's conviction, it is timely. See Id.

B    The Government must return Addison's property since it lacks a continuing interest in it given his conviction.

"Once the property is no longer needed as evidence, '[a]

U.S. v. Addison
Rule 41(g) Mot.                                              2

criminal defendant is presumed to have the right to the return of his property.'" U.S. v. Rotzinger, 1995 U.S. App. Lexis 3333, *5 (7th Cir. 1995)(quoting U.S. v. Mills, 991 F.2d 609, 612(9th Cir. 1993)). "In order to retain posession of the seized items, the government must have a continuing interest in the property and must 'demonstrate a specific nexus between the seized property' and its interest." Rotzinger, at*5 (quoting Interstate Cigar Co. v. U.S., 928 F.2d 221, 224(7th Cir. 1991)). "The government bears the burden of proving the 'specific nexus' between its 'continuing interest' and the seized property." Rotzinger, at *6 (quoting Interstate Cigar, 958 F.2d at 224).

Here, the criminal case is over since Addison was sentenced. See Basey, 837 Fed. Appx. at 603. And since the case is over, Addison is presumptively entitled to all non-forfeited property belonging to him that was seized in the two above-mentioned searches of his residence and otherwise seized in this case. See Rotzinger, at *5; Mills, 991 F.2d at 612. Addison is not aware of any valid reason why the Government continues to need his property. Thus, it must be returned to him.

Further, this Court has jurisdiction to order the Government to destroy all electronically stored information belonging to Addison and any other tangible or intangible information belonging to him, be they copies or originals. See U.S. v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1174 (9th Cir. 2010)(en banc) ("Rule 41(g) does indeed contemplate that district judges may order return of the originals, as well as any copies, of seized evidence: 'In some circumstances, however, equitable considerations might justify an order requiring the government to return or destroy all copies of records it has seized.'")(quoting Rule 41(g) advisory comm. notes (1989 amendments)).

## CONCLUSION

This Court should order the Government to return Addison's property to him or his designated appointee and order the Government to destroy all originals and copies of information belonging to him. This Court should conduct a hearing to determine what other property the Government may have seized from Addison.

Respectfully submitted this __7th__ day of __September__, 2023.

*Kenneth M. Addsion*
Kenneth Addsion
Defendant

U.S. v. Addison
Rule 41(g) Mot.                                                                 3